Arthur G. Klein, J.
In this article 78 proceeding, petitioner, the owner of a two-story, walk-up apartment house containing 59 apartments, renting at an average rental of $75 a month, seeks to review a determination of respondent State Rent Administrator wherein the respondent issued an order reducing the rentals of all 59 apartments by 25% by reason of the fact that although directed to restore 24-hour doorman service, petitioner had failed to do so.
The annual rent roll for the premises approximated $60,000. The annual salary of the doormen previously employed amounted to $16,000. It is undisputed that on the basis of the foregoing figures, respondent’s examiner having computed that the salary thus saved approximated 25% of the rent roll, recommended that the rents be reduced by a similar percentage to compensate for the loss of the previous doorman service.
The formula thus used, based entirely on the savings effected by the landlord, fails to employ the only logical test that can be applied; namely, the reduced rental value of the apartments following the diminution of the doorman service. And to properly evaluate the new rental value, the diminution of this service must be measured in relation to all other services supplied by the landlord. If the removal of the doorman service in an apartment house with rentals ranging from $44.57 to $118.85 a month warrants a decrease in the rental value by 25% (petitioner claims the reduction amounts to 27%%), how *570 much then is the value of the other services rendered by the landlord such as electric current, water, heat, painting, repairs and maintenance, etc.? It is obvious that the reduction is entirely out of all proportion and obvious, too, is the fact that respondent’s determination is not bottomed on any logical or reasonable basis.
Petitioner’s contention that the doorman service previously rendered does not constitute an essential service is without merit for subdivision 4 of section 3 of the State Bent and Eviction Begulations provides that all services included in the maximum rent on March 1, 1950 of any substantive value are classified as essential services and concededly such doorman service was rendered continuously from 1939 until 1958.
Bespondent’s action is clearly arbitrary and a reading of the entire return fails to indicate anything therein to sustain the determination made. The determination reducing the monthly rentals by 25% is, accordingly, annulled and the matter is remanded to the respondent for further action not inconsistent with the foregoing memorandum. Settle order on or before July 30, 1959.